UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID HEGG,

Plaintiff,

v.

HENNEPIN COUNTY SOCIAL SERVICES, and U.S. DEPARTMENT OF AGRICULTURE FOOD STAMP MANAGEMENT DIRECTOR,

Defendants.

Civil No. 01-778 (ADM/SRN)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed, in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff will not be granted IFP status at this time because of serious deficiencies in his complaint. However, Plaintiff will be given an opportunity to file an Amended Complaint, and if he does so within the time allowed by this order, his IFP application will be reconsidered.

IFP status will not be granted where the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP Complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a Complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26,

FILED MAY 09 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Plaintiff's complaint is barely legible and barely comprehensible. As far as the Court can tell, he is attempting to sue Hennepin County and the U.S. Department of Agriculture for wrongfully depriving him of certain public welfare benefits. His complaint is defective, however, because it does not comply with the basic pleading requirements prescribed by the Federal Rules of Civil Procedure. Most notably, Plaintiff's complaint does not –

(i) "contain a short and plain statement of the grounds upon which the court's jurisdiction depends," (Fed. R. Civ. P. 8(a));

(ii) set forth the factual and legal bases for his claims in "simple, concise , and direct" averments, (Fed. R. Civ. P. 8(e)(1); and

(iii) set forth Plaintiff's averments in separate numbered paragraphs, (Fed. R. Civ. P. 10(b)).

In addition, Plaintiff's complaint does not show that he has exhausted his available administrative remedies, which normally must be accomplished before seeking relief for an alleged denial of government benefits. See Wilder v. Oklahoma Department of Human Services, No. 97-5175 (10th Cir. 1998), 1998 WL 255048 (unpublished opinion) (plaintiff "should have followed the administrative appellate procedures if he disagreed with defendant's denial of his reapplication for food stamps").

Because of the defects found in Plaintiff's current pleading, the Court finds that his IFP application cannot be granted at this time, and that this action is subject to

---

1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the Complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff may file an Amended Complaint if he still believes that he can plead a claim that can be entertained in federal court.

If Plaintiff elects to file an Amended Complaint, he must submit an entirely new pleading identified as "Amended Complaint." Any such Amended Complaint must be a complete and adequate pleading by itself; it must not refer in any way to the original complaint. Furthermore, any new pleading will have to –

(i) be easily readable;

(ii) state the factual and legal grounds for Plaintiff's claims in simple, concise, separately-numbered paragraphs;[2]

(iii) explain why the federal court has subject matter jurisdiction; and

(iv) show that Plaintiff has exhausted all administrative remedies that may be available to him.

If Plaintiff elects to file an Amended Complaint, he must do so within thirty (30) days after the date of this Order. If he does file an Amended Complaint within the time allowed, the Court will review it to determine whether IFP status should be granted, or whether the action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). If he does not file an Amended Complaint within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[2] While Plaintiff need not – indeed should not – attempt to plead all the evidence and legal arguments on which his claims are based, he must plead the essential historical facts giving rise to his claims. He should describe what each individual defendant allegedly did (or failed to do) that allegedly causes that defendant to be liable to Plaintiff. He must also indicate the legal theories on which his claims are based.

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), will not be granted at this time; and

2. Plaintiff shall be permitted to file an Amended Complaint within thirty (30) days after the date of this Order, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: May 9, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge